○ ORIGINAL



1  ALICIA A.G. LIMTIACO
   United States Attorney
2  ROSETTA L. SAN NICOLAS
   Assistant United States Attorneys
3  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Telephone: (671) 472-7332
5  Facsimile: (671) 472-7334

6  Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB 26 2014
JEANNE G. QUINATA
CLERK OF COURT

7  IN THE UNITED STATES DISTRICT COURT
8  FOR THE TERRITORY OF GUAM

9  IN THE MATTER OF AN APPLICATION OF  MISCELLANEOUS CASE NO. 14-00005
   THE UNITED STATES OF AMERICA FOR
10 AN ORDER PURSUANT TO 18 U.S.C. §     **APPLICATION FOR AN ORDER**
   2703(d) TO WHATSAPP, SANTA CLARA,    **PURSUANT TO 18 U.S.C. § 2703(D)**
11 CALIFORNIA
                                        [FILED UNDER SEAL]

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Whatsapp, a business located in Santa Clara, California, to disclose certain records and other information pertaining to the telephone numbers or accounts as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Whatsapp is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Whatsapp to

disclose the items described in Part II of Attachment A. See 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating individuals suspected to be involved in a conspiracy to possess and distribute controlled substances. The investigation concerns possible violations of, inter alia, Title 21 U.S.C. §§ 841(a)(1) and 846 and Title 18 U.S.C §§ 2232(c), 1343 and 1346.

5. As set forth below in detail, there is probable cause to believe:

(a) Guam Customs and Quarantine Officer Jayvin Remoket (referred to here as REMOKET) and his uncle Amos Ueda (UEDA) are engaged with Fred Obak (OBAK) and others in a conspiracy to distribute methamphetamine on Guam.

(b) The investigation has led to recovery of evidence – including GPS surveillance, the observations of surveillance agents and officers during two controlled deliveries of sham

methamphetamine, subpoenaed phone records and search warrants of phone records. The evidence shows that REMOKET had knowledge of drug packages recently sent to Guam and that OBAK and UEDA were the intended recipients of the packages.

(c) REMOKET, UEDA and OBAK communicated with cell phones utilizing text, voice, and messaging application Whatsapp in an effort to avoid detection by law enforcement.

6. A controlled delivery of operation was conducted on January 16, 2014. This controlled delivery was of a package intercepted by US Postal service which contained methamphetamine and was addressed to AMOS UEDA. UEDA is REMOKET's uncle. In an effort to gather additional evidence of REMOKET's involvement in the drug operation, agents made the investigative decision to include REMOKET in the controlled delivery without informing him of his status as a subject of the investigation. REMOKET had participated with DEA on controlled delivery operations in the past. On January 15, 2014, he was asked to attend the briefing at 9:00 a.m. on January 16, 2014.

7. A search warrant was served to PTI Pacifica Inc., DBA IT&E on January 24, 2014 for additional information regarding the account of REMOKET (number 671-797-1609). The results of this warrant revealed text message information related to REMOKET, OBAK, and UEDA. Some of the text messages on January 16, 2014 were as follows:

(a) At approximately 9:20 a.m., REMOKET sends the following text to 671-689-4264 (the number for OBAK): "911 call chief. tell him don t get it"

(b) At approximately 9:21 a.m., REMOKET texts 671-689-4264 (the number for OBAK): "then yell him delete messages"

(c) At approximately 9:27 a.m., 671-689-4264 (the number for OBAK) texts REMOKET: "So chief is here but cud he go to work  standby or something?"

(d) At approximately 9:36 a.m., REMOKET texts 671-747-5027 (the number for UEDA): "deny"

8. The controlled delivery package was never opened and was returned to the Postal Service. In another text message sent by REMOKET, he informs the receiver to delete Whatsapp application. This confirms information that REMOKET utilized Whatsapp through his cellular phone.

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the roles of the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Whatsapp be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Whatsapp not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence

of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers or cellular phones.

11. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted this 26th day of February, 2014.

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and NMI

_____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

# ATTACHMENT A

I.  The Account(s)

The Order applies to certain records and information associated with the following telephone numbers or accounts:

        671-797-1609        [6717971609]@s.whatsapp.net

        671-747-5027        [6717475027]@s.whatsapp.net

        671-689-4264        [6716894264]@s.whatsapp.net

II. Records and Other Information to Be Disclosed

Whatsapp is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period of December 15, 2013 through February 18, 2014:

a. The following information about the customers or subscribers of the Account:

Date and time stamp information associated with successfully delivered messages and the mobile phone numbers involved in the messages

b. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and